UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY QUALLS, individually, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTA BEAUTY, INC.,<br><br>Defendant. | Case No.  1:23-cv-01121-ADA-HBK<br><br>ORDER GRANTING PARTIES' JOINT MOTION TO STAY ACTION PENDING MEDIATION<br><br>(Doc. No. 6)<br><br>CLERK TO LIFT STAY ON DECEMBER 12, 2023 |

This matter comes before the Court upon the Parties' joint stipulated motion filed September 14, 2023.  (Doc. No. 6).  The Parties request the Court to continue the November 9, 2023 initial scheduling conference and stay this action pending a September 28, 2023 mediation scheduled in *NangChan v. Ulta Inc., et al.*, Case No. 2:23-cv-00650-AB-PLA ("*Chan*"), a related action pending in the United States District Court for the Central District of California.  (*Id*. at 1).  The Parties advise a "resolution of *Chan* at the upcoming mediation could directly impact the disposition of Plaintiff's claims asserted in this action."  (*Id*. at 3).

The court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that

discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). As a rule, "stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or indefinite, a greater showing is required to justify it and the court must "balance the length of any stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

The Court finds in its discretion that a stay of this action is appropriate.

Accordingly, it is **ORDERED**:

1. The Parties' joint stipulated motion (Doc. No. 6) is GRANTED to the extent that this action is STAYED until December 12, 2023. *The Clerk shall automatically lift the STAY on December 12, 2023.*

2. Within **sixty (60) days** of the mediation's conclusion in *Chan*, the Parties shall file a joint report notifying the Court whether the *Chan* settlement resolved the need for litigation of Plaintiff's claims in his action.

3. If the *Chan* mediation resolves Plaintiff's claims in this action, Plaintiff shall promptly file a Rule 41 notice.

4. If the *Chan* mediation does not resolve Plaintiff's claims in this action, Defendant shall file a response to the Complaint no later than **December 18, 2023**.

5. The November 9, 2023 Scheduling Conference is CONTINUED to **February 15, 2024 at 2:00 p.m.** The Parties shall file their Joint Scheduling Report no later than February 8, 2024.

Dated: September 14, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2