UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY QUALLS, individually, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTA BEAUTY, INC.,<br><br>Defendant. | Case No. 1:23-cv-01121-NODJ-HBK<br><br>ORDER GRANTING PARTIES' JOINT MOTION TO CONTINUE STAY ACTION AND DIRECTING CLERK TO CONTINUE STAY UNTIL FURTHER ORDER BY THE COURT<br><br>(Doc. No. 15) |

This matter comes before the Court upon the Parties' joint stipulated motion seeking a further stay in this action, which they filed March 11, 2024. (Doc. No. 13). The Parties request the Court to continue the stay of this action, including the initial scheduling conference and related deadlines pending preliminary approval of the class-wide settlement in *NangChan v. Ulta Inc., et al.*, Case No. 2:23-cv-00650-AB-PLA ("*Chan*"), a related action pending in the United States District Court for the Central District of California. (*Id*. at 3-4). The Parties advise that the resolution of *Chan* may moot Plaintiff's claims asserted in this action." (*Id*. at 4).

The court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that

discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  As a rule, "stays should not be indefinite in nature."  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007).  The Court finds in its discretion that a continued stay of this action is appropriate.

Accordingly, it is **ORDERED**:

1. The Parties' joint stipulated motion (Doc. No. 15) is GRANTED *nunc pro tunc* to the extent that the **STAY of this action is CONTINUED until further Order by this Court**.

2. Within fourteen (14) days after the preliminary approval motion is filed in *Chan*, the Parties shall file a joint report notifying the Court whether the *Chan* settlement resolved the need for litigation of the claims in this action.

3. If the *Chan* mediation resolves Plaintiff's claims in this action, Plaintiff shall promptly file a Rule 41 notice.

4. If the *Chan* settlement does not resolve Plaintiff's claims in this action, Defendant's time within which to answer or otherwise serve and file any motions or other pleadings responsive to Plaintiff's Complaint shall be extended to **July 1, 2024**.

5. The May 16, 2024 Scheduling Conference is CONTINUED to **August 15, 2024 at 2:00 P.M.**  The Parties shall file their Joint Scheduling Report no later than **August 8, 2024.**

Dated:  March 13, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2